Erin Anderson Spencer
Texas State Bar No. 24104963
Jason Cord Spencer
Texas State Bar No.
Travis Ryan Anderson
Texas State Bar No,
4416 Ramsgate, Suite 202
San Antonio, Texas 78230
Telephone: 210-699-0004
Facsimile: 210-699-0005
Emails: erin@spencerandersonfirm.com
  jason@spencerandersonfirm.com
  travis@spencerandersonfirm.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALICIA OWENS | § | DOCKET NO.:_____ |
| | § | |
| Plaintiff, | § | CIVL ACTION |
| | § | |
| vs. | § | COMPLAINT FOR VIOLATIONS OF: |
| | § | |
| CREATIVE SOLUTIONS IN | § | (1) Title VII of the Civil Rights Act of 1964 |
| HEALTHCARE, INC, SAN ANTONIO | § | as amended, 42 U.S.C § 2000e et seq.; |
| II ENTERPRISES LLC, & | § | (2) Texas Commission on Human Rights |
| CARLOS A. CANTU, | § | Act (TCHRA); |
| | § | (3) Texas Labor Code 21.141; |
| Defendants. | § | |
| | § | |
| | § | JURY TRIAL DEMAND |
| | § | |
| | § | |

## ORIGINAL COMPLAINT WITH JURY DEMAND

Comes the Plaintiff, Alicia Owens for her Complaint against Defendant(s) Creative Solutions in Healthcare, Inc., San Antonio, II Enterprises LLC, & Carlos A. Cantu:

## PARTIES

1. Plaintiff is a resident of Bexar County Texas and is a female Licensed Respiratory Therapist since January of 2019. During the relevant time period, Plaintiff was a permanent employee with The Rio at Mission Trails beginning March 13, 2019, until March 9, 2020.

2. At all times pertinent, Plaintiff's employer, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. sec 200 (et. seq), and the Texas Commission on Human Rights Act (TCHRA), and Texas Labor Code 21.141, is Creative Solutions in Healthcare, Inc., and San Antonio II Enterprises, LLC. The registered agent for service of Process for both Creative Solutions in Healthcare, Inc., and San Antonio II Enterprises, LLC is Louise J. Coffey at 4150 International Plaza, Suite 600, Fort Worth, Texas 76109.

3. At all times pertinent, Plaintiff's supervisor and manager, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. sec 2000e (et. seq), and the Texas Commission on Human Rights Act (TCHRA), and Texas Labor Code 21.141, is Carlos A. Cantu an individual who resides in Texas at 1012 Magellan, San Antonio, Texas 78239 and is also employed at 8026 Floyd Curl Dr., San Antonio, Texas 78229.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction in this action pursuant to 20 U.S.C. Section 1331 and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Action of 1964 (as amended), 42 U.S.C. Section 2000e (et. seq.). This District possess venue of this matter pursuant to 42 U.S.C. section 2000e-5(f). the jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law.

5.  Plaintiff filed a complaint on June 5, 2020 with the U.S. Equal employment Opportunity Commission ("EEOC") alleging violations of Title VII of Civil Rights Act of 1964, including violation of sex discrimination, sexual harassment and retaliation. (See attached Exhibit A).

6.  After a long investigation into Plaintiff's complaint, Norma J. Guzman, Equal employment Opportunity Commission Acting Field Office Director issued a Notice of Right to Sue (Issued on Request) on February 18, 2022 authorizing the filing of a federal or state lawsuit filed within 90 days of receiving said notice.

## GENERAL FACTUAL ALLEGATIONS

7.  Immediately after graduating from Respiratory Therapy School at a surprisingly young age, Plaintiff was hired by Carlos A. Cantu, a supervisor/department manager, for and on behalf of Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC to work at The Rio at Mission Trails located at 6211 S. New Braunfels Ave., San Antonio, Bexar County, Texas 78223.

8.  From the beginning of her employment, Plaintiff was subjected to continuous unwanted sexually harassing behavior by her immediate supervisor/department manager, who is at least 25 years older. The supervisor/department manager demanded sexual favors to obtain shifts, training, work schedules, and a full-time position with the company. The supervisor/department manager questioned her work performance and Plaintiff was punished with cuts in her schedule when she denied his sexual propositions or refused to be alone with him. The supervisor/department manager's unwelcome sexual advances and requests for sexual favors created an intimidating, hostile, and degrading working environment in which she lived in constant fear for her reputation. career, and future.

9. The supervisor/department manager's repetitive, sexually harassing behavior and conduct were well known to co-workers, other supervisors, and managers of Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC that work at The Rio at Mission Trails. The HR director was a personal friend of the supervisor/department manager and would condone the behavior by publicly discussing and laughing about the supervisor/department managers sexually inappropriate behaviors and improperly discuss various female employees creating a sexually harassing and/or hostile work environment.

10. During the tenure of her employment Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's right.

11. During the course of her employment, Plaintiff was forced to work in a sexual discriminatory and hostile environment. Human Resources was put on notice of the sexually suggestive nature of its employee, supervisor/manager, and failed to take immediate corrective action, all to Plaintiff's detriment.

12. On March 2, 2020, after almost a year of continual sexual harassment, Plaintiff witnessed a sexually inappropriate situation involving another employee. Plaintiff had heard from other employees that the supervisor/manager had sexually harassed other female employees, but after witnessing such a scene she went directly to the human resources department and reported the sexually harassing behaviors of the supervisor/manager.

13. Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC failed to take immediate and appropriate corrective action against the supervisor/manager and allowed his behaviors to go unchecked for years.

14. Immediately after reporting sexual harassment, Plaintiff was suspended from her job for violating company policy related to timesheets controlled by this same supervisor/manager, and escorted off the premises. Plaintiff was terminated on March 9, 2020, but Plaintiff was not notified her suspension had become a termination of employment until she received notice on March 16, 2020.

15. Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC retaliated against Plaintiff for reporting sexual misconduct at The Rio at Mission Trails, and Plaintiff has not had the ability to obtain a job as a respiratory therapist in Bexar County from March 2020 until the present.

## COUNT ONE

## SEXUAL HARASSMENT OF PLAINTIFF ALICIA OWENS

16. Plaintiff incorporates as if fully restated all of the allegations previously written.

17. Plaintiff was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC which was perpetrated upon her by Carlos A. Cantu and other employees., and that this conduct was based upon and directed at Plaintiff by reason of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. Seq.

18. Plaintiff noticed Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC, which was otherwise aware, of the sexually harassing and discriminatory conduct, but failed to take any appropriate corrective action.

19. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

20. During the times referenced herein, Plaintiff was the subject of multiple false rumors of having sexual relationships with co-workers and/or supervisors, of engaging in various sexual acts with co-workers and/or supervisors, and was openly slapped on her buttocks, grabbed, and asked about parts of her body by supervisors/managers in front of other co-workers and/or patients. No corrective action was ever taken against Carlos A. Cantu for such conduct.

21. Said multiple comments and harassment ruined the reputation and credibility of Plaintiff, a respiratory therapist during the Covid-19 pandemic, and created an atmosphere of hostility which severely damaged the reputation in the eyes of her coworkers and supervisors.

22. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's right. During the course of her employment, Plaintiff was forced to work in a sexual discriminatory and hostile environment. Human Resources was put on notice of the sexually suggestive nature of its employee, supervisor/manager, and failed to take immediate corrective action, all to Plaintiff's detriment.

23. Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC, was aware of the hostile work environment and acquiesced in the environment. The sexual harassment was open and obvious to other employees, both management and non-

management at the Rio at Mission Trails.  Plaintiff suffered great embarrassment, humiliation and mental and physical anguish.

## COUNT TWO

### Sex Discrimination

24. Plaintiff incorporates as if fully restated all of the allegations previously written.

25. During the course of Plaintiff's employment with Defendant, the Defendant, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. Seq.

26. The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

27. As a result of the hostile and offensive work environment perpetrated by Defendant's supervisor/manager, and maintained by the human resource department and other supervisors and managers to protect Plaintiff from such discrimination, the Plaintiff suffered humiliation, emotional distress, and physical pain.

28. Defendant(s) through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of it supervisors/managers as described above.

29. Defendant DHS failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

30. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964 as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with DHS and has

thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

## COUNT THREE

### Retaliation

31. Plaintiff incorporates as if fully restated all the allegations previously written.

32. As herein alleged, the Defendant's by and through its officers, managing agents and/or supervisors, illegally retaliated against Plaintiff by subjecting her to unjust scrutiny, false allegations of misconduct and unwelcome and derisive comments solely because she had reported the aforementioned sexual harassment. Defendants had no legitimate reason for any such act Each said act of retaliation is in violation of Title VII of the Civil rights Act of 1964.

33. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, the Defendant(s) may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this complaint in that regard.

34. As a direct and proximate result of the Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, plaintiff has suffered and will continue to surfer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to surfer a loss of earnings and other employment benefits and job opportunities; Plaintiff is thereby entitled to genera land compensatory damages in amounts to be proven at trial.

35. As a further direct and proximate result of Defendant's violation of Title VII of the civil Rights Act of 1964, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship

with the defendant and has thereby incurred and will continue to incur legal fees and cons, the full nature and extent of which are presently unknown to Plaintiff.

36. Plaintiff is informed and believes based thereon alleges, that the Defendant's conduct as described above was willful, wonton, malicious, and done in reckless disregard for the safety and wellbeing of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendant in the sum according o proof at trial.

## COUNT FOUR

### Discrimination in Employment, Texas Labor Code 21, Against All Defendants

### Sexual Harassment

37. Plaintiff incorporates as if fully restated all of the allegations previously written.

38. Defendant, Cantu, through its agents or supervisors, including Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC, and each of the Defendants engaged in a pattern and practice of unlawful sex discrimination by subjecting Plaintiff to unwelcome sexual harassment, in violation of Texas Labor Code 21.141.

39. The above-described unwelcome sexual harassment created an intimidating, oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional well-being.

40. Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC through its agents or supervisors, Mr. Cantu and each of the Defendants at all times relevant hereto had actual and constructive knowledge of the conduct described previously.

41. As a result of the hostile and offensive work environment perpetrated by Defendants and maintained by Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises,

LLC and their continued failure to protect Plaintiff from further harassment, Plaintiff suffered severe emotional distress and was provided treatment by her physician.

42. Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC violated section 21.141 of the Texas Labor Code by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of supervisor/managers, and its employees and agents as described previously.

43. Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future. Tex. Lab. Code 21.141.

44. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants, and each of them, have engaged in other discriminatory practices against her which are not yet fully known. At such time as said discriminatory practices become known to her; Plaintiff will seek leave of Court to amend this Complaint in that regard.

45. Plaintiff has filed charges of sex discrimination with the US Equal Employment Opportunity Commission (EEOC) against Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC. A true and correct copy of the charge is attached hereto as Exhibit "A", and incorporated herein by reference. On February 18, 2022, the EEOC has issued a Right-to-Sue Notice authorizing this lawsuit. A true and correct copy of the Notice is attached hereto as Exhibit "B" and incorporated herein by reference. Plaintiff has exhausted her administrative remedies.

46. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by psychotherapists and other health professionals, and for other incidental expenses; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47. As a further direct and proximate result of Defendants' violation of Tex. Lab. Code 21.141 as heretofore described; Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorneys' fees be awarded pursuant to Texas Labor Code 21.259.

48. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with fraud, oppression, and malice; with a conscious disregard for her rights; and with the intent, design and purpose of injuring her. Plaintiff is further informed and believes that Defendant (1) and Defendant (2) through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of Defendant (3) By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

## COUNT FIVE

### Discrimination in Employment, Texas Labor Code 21, Against All Defendants

### Retaliation

49. Plaintiff incorporates as if fully restated all of the allegations previously written.

50. As herein alleged, Defendants illegally retaliated against Plaintiff by subjecting Plaintiff to unjust discipline, suspending, firing Plaintiff solely because she had reported sexual harassment of herself and other female employees. Defendants had no legitimate business reasons for any of such acts. Each of said acts of retaliation are in violation of Tex. Lab. Code 21.055.

51. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above; Defendants may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known; Plaintiff will seek leave of Court to amend this Complaint in that regard.

52. Plaintiff has filed charges of sex discrimination with the US Equal Employment Opportunity Commission (EEOC) against Defendant (1) and Defendant (2). A true and correct copy of the charge is attached hereto as Exhibit "A", and incorporated herein by reference. On February 18, 2022, the EEOC has issued a Right-to-Sue Notice authorizing this lawsuit. A true and correct copy of the Notice is attached hereto as Exhibit "B" and incorporated herein by reference. Plaintiff has exhausted her administrative remedies.

53. As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against her, Plaintiff has suffered and will continue to

suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

54. As a further, direct, and proximate result of Defendants' violation of Tex. Labor Code 21.055 as heretofore described; Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Texas Labor Code 21.259.

55. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants as described above was done with malice, fraud, and oppression; with conscious disregard for her rights; and with the intent, design and purpose of injuring her. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

## COUNT SIX

**VIOLATION OF TEXAS COMMISSION ON HUMAN RIGHTS ACT (TCHRA)**

56. Plaintiff incorporates as if fully restated all of the allegations previously written.

57. Plaintiff was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC which was perpetrated upon her by Carlos A. Cantu and other employees., and that this conduct was based upon and directed at Plaintiff by reason of her gender in violation of Texas Commission on Human Rights Act (TCHRA)

58. Plaintiff noticed Defendant(s), which were otherwise aware, of the sexually harassing and discriminatory conduct, but failed to take any appropriate corrective action.

59. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

60. During the times referenced herein, Plaintiff was the subject of not only physical sexual harassment and contact, but also multiple false rumors of having sexual relationships with co-workers and/or supervisors, of engaging in various sexual acts with co-workers and/or supervisors, and was openly slapped on her buttocks, grabbed, and asked about parts of her body by supervisors/managers in front of other co-workers and/or patients. No corrective action was ever taken against supervisors/managers for such conduct.

61. Said multiple comments and harassment ruined the reputation and credibility of Plaintiff, a respiratory therapist during the Covid-19 pandemic, and created an atmosphere of hostility which severely damaged the reputation in the eyes of her coworkers and supervisors.

62. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's right. During the course of her employment, Plaintiff was forced to work in a sexual

discriminatory and hostile environment. Human Resources was put on notice of the sexually suggestive nature of its employee, supervisor/manager, and failed to take immediate corrective action, all to Plaintiff's detriment.

63. Creative Solutions in Healthcare, Inc., and/or San Antonio II Enterprises, LLC, was aware of the hostile work environment and acquiesced in the environment. The sexual harassment was open and obvious to other employees, both management and non-management at the Rio at Mission Trails. Plaintiff suffered great embarrassment, humiliation and mental and physical anguish.

**WHEREFORE,** Plaintiff, Alicia Owens, demands judgment against the Defendants, in the amount which will compensate her for:

1. Violation of her rights under Title VII of the Civil Rights Act of 1964;
2. Violation of her rights under Texas Labor Code 21.141;
3. Violation of her rights under Tex. Lab. Code 21.055;
4. Violation of her rights under Texas Commission on Human Rights Act (TCHRA);
5. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain; emotional distress and humiliation, past and future; and past and future medical expenses;
6. Punitive damages to punish the Defendant(s) for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;
7. Trial by jury on all issues so triable;
8. Costs expended herein, including reasonable attorneys' fees;
9. Pre-judgment and post judgment interest; and
10. Any and all other relief to which she may be entitled.

**RESPECTFULLY SUBMITTED,**

/s/ *Erin Anderson Spencer*

By:_____
_Jason C. Spencer
Texas Bar No. 24053488
Email:  Jason@spencerandersonfirm.com
_Travis R. Anderson
Texas Bar No. 24080770
Email:  Travis@spencerandersonfirm.com
X Erin Anderson Spencer
Texas Bar No. 24104963
Email: Erin@spencerandersonfirm.com
4416 Ramsgate, Suite 202
San Antonio, TX 78230
Tel. (210) 699-0004
Fax. (210) 699-0005
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I do hereby verify compliance with the Tex. R. Civ. P. 21a. A true and correct copy of the forgoing instrument has been served on all counsel, by electronic means or transmission to the electronic mail address or addresses on file with the electronic filing manager under Rule 21a. If a party has not designated an electronic mail address with the electronic filing manage, the party was served a true and correct copy of the foregoing instrument in person, by mail, commercial delivery, by facsimile transmission, by US Mail, or by their known email address, or by such manner as the Court in its discretion may directly pursuant to Rule 21a. Service was provided on this the 17th day of May 2022, to:

**Eric L. Weborg, Jr.
4150 Internation Plaza, Suite 600
Fort Worth, Texas 76109
Ph: 817-386-8447
Fax: 682-291-6800
Email: EricWeborg@csnhc.com**

SPENCER, ANDERSON, PLLC.

/s/ Erin Anderson Spencer

By:_____
Jason C. Spencer
Texas Bar No. 24053488
Jason@spencerandersonfirm.com
Travis R. Anderson

Texas Bar No. 24080770  
Travis@spencerandersonfirm.com  
Erin Anderson Spencer  
Texas Bar No. 24104963  
Erin@spencerandersonfirm.com  
4416 Ramsgate, Ste 202  
San Antonio, TX  78230  
Tel. (210) 699-0004  
Fax. (210) 699-0005  
Attorney for Plaintiff